TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00830-CR






Domingo Miranda, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR97-094, HONORABLE BILL BENDER, JUDGE PRESIDING







 A jury found appellant Domingo Miranda guilty of the offense of aggravated sexual
assault of a child (1) and assessed punishment at incarceration for 99 years and a fine of $10,000. 
Appellant complains on appeal that he was denied the effective assistance of counsel during both
the guilt-innocence and punishment phases of trial, and that the trial court erred in failing to
instruct the jury as to the reasonable-doubt standard applicable to extraneous-offense evidence in
the punishment charge. We will affirm the conviction.


FACTUAL AND PROCEDURAL BACKGROUND



 Because appellant does not challenge the sufficiency of the evidence, only a brief
recitation of the facts is needed. Appellant's conviction stemmed from an encounter between
appellant and a child about 12 years of age. In her statement to an investigating police officer, the
child explained that she fell asleep in the back seat of appellant's car while he "drove around," and
awoke sometime later to find the car parked, the majority of her and appellant's clothing removed,
and appellant "on top of me." (2) After appellant returned the child to her home, she reported the
incident to her mother, who took her daughter to the hospital for examination.

 Appellant was convicted by a jury of aggravated sexual assault of a child under the
age of fourteen and sentenced to 99 years' incarceration and a $10,000 fine. Appellant appeals
both his conviction and punishment asserting in two points of error: (1) ineffective assistance of
counsel during both the guilt-innocence and punishment phases of trial, and (2) during the
punishment phase, the trial court erred by failing to properly instruct the jury as to the State's
burden of proof, specifically that evidence of extraneous conduct must be proved "beyond a
reasonable doubt" before it can be considered.


DISCUSSION



Ineffective Assistance of Counsel


 In his first point of error, appellant claims he was denied the effective assistance
of counsel during both the guilt-innocence and the punishment phases of his trial in violation of
the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Texas
Constitution. We will address the two phases of the trial separately.


 1. Guilt-Innocence Phase


 Texas has adopted the test found in Strickland v. Washington, 466 U.S. 668 (1984),
to determine claims of ineffective assistance of counsel. See Hernandez v. State, 726 S.W.2d 53,
56-57 (Tex. Crim. App. 1986). The benchmark for judging any claim of ineffectiveness is
whether counsel's conduct so undermined the proper functioning of the adversarial process that
the trial cannot be relied on as having produced a just result. See Butler v. State, 716 S.W.2d 48,
54 (Tex. Crim. App. 1986). A defendant seeking relief under Strickland must meet a two-prong
burden: first, he must show that counsel's performance was deficient; second, he must show the
performance prejudiced the defense. See id.

 The first prong of the Strickland test requires us to decide whether appellant has
demonstrated that counsel's performance was unreasonable under the prevailing professional
norms and that the challenged action was not sound trial strategy. Strickland, 466 U.S. at 688. 
An appellant must show that counsel made such serious errors that he "was not functioning as the
'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. We presume defense
counsel provided reasonable professional assistance, and the defendant must present proof to
overcome this presumption. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
A strong presumption exists that counsel's actions might be considered sound trial strategy. See
id. Appellate courts will not speculate about counsel's trial strategy; an appellant may, however,
rebut the presumption of effectiveness by providing a record from which the court can determine
that trial counsel's performance was not based on sound strategy. (3) See id. at 771-72.

 Appellant directs this Court to multiple omissions by trial counsel that he contends
had the cumulative effect of rendering counsel's representation ineffective. We believe these
omissions may be divided into three categories: (1) failure to conduct a proper investigation in
preparation for trial; (2) failure to make objections to the admission of evidence when appropriate;
and (3) failure to file necessary pre-trial motions.

 First, appellant complains that trial counsel was not prepared to cross-examine the
State's witnesses or to present a defense because he failed to conduct an independent investigation
of the facts of the case. For instance, appellant asserts that trial counsel did not interview the
victim, her mother, the State's DNA expert, or the investigating police officers. Counsel did not
visit the locale of the assault or inspect the clothing appellant was allegedly wearing at the time
of the assault. He did not inspect the automobile where the offense occurred, although he testified
at the hearing on appellant's motion for new trial that doing so could have been helpful. Finally,
appellant contends counsel did not adequately familiarize himself with DNA scientific principles
in order to properly cross-examine the State's DNA expert witness.

 Appellant cites Ex parte Lilly, 656 S.W.2d 490 (Tex. Crim. App. 1983), in urging
this Court to find his counsel's failure to conduct an independent investigation in preparation for
trial rose to the level of ineffective assistance. In Lilly, the defendant was granted habeas corpus
relief based on his counsel's ineffective assistance. See id. at 494. In so holding, the court noted
that counsel spent only minutes preparing for trial, announced that he was not ready to proceed,
was totally unfamiliar with the most basic facts of the case, had done no independent investigation
or preparation for trial, and had not reviewed the State's file in the case. See id. at 493; see also
Butler, 716 S.W.2d at 54-56 (counsel failed to interview or call known fact and alibi witnesses or
investigate other exculpatory evidence); Haynes v. State, 790 S.W.2d 824, 827 (Tex.
App.--Austin 1990, no pet.) (counsel did not interview available, beneficial defense witnesses,
did not visit scene of offense, could not recall if he saw the State's file, and had not seen offense
report); Doherty v. State, 781 S.W.2d 439, 442 (Tex. App.--Houston [1st Dist.] 1989, no pet.)
(counsel failed to consult with appellant's first trial counsel, appellant's investigator, or State
witnesses; did not subpoena any witnesses; failed to investigate another possible suspect, an alibi
witness, and fact witnesses; and made prejudicial remarks about appellant's guilt within hearing
of jury).

 Trial counsel has a duty to make an independent investigation of the facts of his
client's case, see Ex parte Ewing, 570 S.W.2d 941, 947 (Tex. Crim. App. 1978), and failure to
do so may deprive a defendant of the effective assistance of counsel, see Butler, 716 S.W.2d at
54-55. Nonetheless, while we may agree with appellant that counsel could have conducted a more
thorough investigation, we do not believe the complained-of omissions rose to the level of
constitutional ineffectiveness. The record shows that counsel was very familiar with the facts of
the case and was prepared with defenses. Counsel testified that he requested a list of all potential
witnesses from appellant, especially concerning a possible alibi defense, and called as witnesses
those persons appellant identified. Counsel met with appellant and members of appellant's family
on several occasions. He sought and reviewed the State's file, including officer investigation
reports and the State's DNA evidence. (4) Counsel informed appellant that a more "specific" DNA
test could be done to combat the State's "general" DNA test, but appellant opted not to incur the
associated expense. Counsel actively participated in trial, cross-examining the State's witnesses
extensively in an attempt to challenge the State's version of events. Trial counsel called two
defense witnesses to establish an alibi. In summary, the record before us does not reveal
omissions as extensive or highly prejudicial as those found in Lilly and its progeny. We conclude
that any deficiencies in trial counsel's pre-trial investigation were not so flagrant as to render
counsel constitutionally ineffective.

 Turning to appellant's complaint that counsel failed to make objections when
appropriate, appellant failed to address this alleged deficiency in the hearing on his motion for new
trial. Thus, appellant has not presented to this Court any evidence in the record to rebut the strong
presumption that counsel's actions might be considered sound trial strategy. See Jackson, 877
S.W.2d at 771. For example, appellant complains of his counsel's failure to object to the
introduction of the DNA test results on the grounds that the undergarment containing the
perpetrator's semen sample was "never properly identified as being connected to the victim." 
However, appellant fails to raise any questionable circumstances surrounding the testing and does
not establish through the record that it was unreasonable to determine, in counsel's view, that
connection to the victim had been adequately established. In fact, our review of the record shows
that objections to the admission of evidence were raised throughout the trial when appropriate. 
As to any potential objections not made, we refuse to overturn appellant's conviction based on the
bare assertion that counsel's actions were not sound trial strategy.

 Finally, appellant complains of his counsel's failure to file any pre-trial motions. 
However, the mere failure to file appropriate pre-trial motions may not be categorically deemed
ineffective assistance of counsel. See Ryan v. State, 937 S.W.2d 93, 104 (Tex. App.--Beaumont
1996, pet. ref'd); Wills v. State, 867 S.W.2d 852, 857 (Tex. App.--Houston [14th Dist.] 1993,
pet. ref'd). Nothing in the present record reveals trial counsel's strategy with regard to his
decision not to file pre-trial motions. See Mayhue v. State, 969 S.W.2d 503, 511 (Tex.
App.--Austin 1998, no pet.). The only evidence to suggest why counsel did not file any pre-trial
motions is counsel's own testimony that there were no relevant motions to file, especially
considering the State had provided him with its "entire file." Appellant fails to raise any evidence
to combat the presumption that counsel provided reasonable professional assistance when he
determined that pre-trial motions would not be applicable or helpful to the defense.

 In summary, appellant has not overcome the strong presumption that trial counsel's
strategy was reasonable from counsel's perspective. See Mayhue, 969 S.W.2d at 511. The
adequacy of counsel's assistance is based upon the totality of the representation, not by isolated
acts or omissions. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990); Passmore
v. State, 617 S.W.2d 682, 686 (Tex. Crim. App. 1981). While it appears that counsel could have
engaged in a more aggressive course of action, appellant is not entitled to errorless counsel. See
James v. State, 763 S.W.2d 776, 778 (Tex. Crim. App. 1989). This Court does not need to weigh
the potential success of the many trial strategies available to trial counsel. See Ingham v. State,
679 S.W.2d 503, 509 (Tex. Crim. App. 1984). Because we find no basis for concluding that
counsel did not exercise reasonable professional judgment, appellant has not established the first
prong of Strickland required to sustain a claim of ineffectiveness.

 Even assuming appellant sufficiently established the first prong of Strickland, he
has wholly failed to allege how he was prejudiced by his counsel's actions and omissions. 
Appellant has not directed this Court to any evidence that the outcome of the guilt-innocence phase
of his trial would have been different had his counsel not made the alleged errors. For instance,
appellant fails to identify how the filing of any pre-trial motions would have been beneficial. See
Ryan, 937 S.W.2d at 104; Huynh v. State, 833 S.W.2d 636, 638 (Tex. App.--Houston [14th
Dist.] 1992, no pet.). Appellant speculates that had his counsel conducted a more thorough
investigation, he might have ascertained something to "befuddle" the prosecution's case. Other
than the mere speculation that counsel would have been more prepared during cross-examination,
appellant does not establish that had counsel conducted a more aggressive investigation, facts
would have been revealed that would have provided a defense. See Huynh, 833 S.W.2d at 638. 
This is also true of appellant's assertion that his counsel was unfamiliar with DNA testing;
appellant simply speculates that more detailed knowledge would have been helpful.

 The omissions appellant complains of do not undermine our confidence in the
outcome of this trial. On balance, the record reveals extensive evidence against appellant and no
indication that a more aggressive trial strategy would have resulted in a successful defense. 
Because appellant has not shown his counsel's performance had the effect of depriving him of a
fair trial, he has not met his burden under Strickland.

 We hold that appellant was not denied the effective assistance of counsel during the
guilt-innocence phase of his trial.


 2. Punishment Phase

 The proper standard for determination of effectiveness of counsel at the punishment
phase of a non-capital trial has previously been found in Ex parte Duffy, 607 S.W.2d 507 (Tex.
Crim. App. 1980). The Duffy standard asks "first, whether counsel was reasonably likely to
render effective assistance, and second, whether counsel reasonably rendered effective assistance." 
See Craig v. State, 825 S.W.2d 128, 130 (Tex. Crim. App. 1992). However, the court of
criminal appeals very recently reexamined the proper standard to be applied to claims of
ineffective assistance at punishment phase in Hernandez v. State, No. 506-97, SLIP OP. AT 1-2
(Tex. Crim. App. April 14, 1999). The court expressly overruled the application of the Duffy
standard to review these complaints and determined that the proper test to be applied is that
enumerated in Strickland v. Washington, 466 U.S. 668 (1984). See id. at 3-4.

 Accordingly, we review appellant's contention in the instant appeal that he was
denied the effective assistance of counsel during the punishment phase of his non-capital trial
pursuant to the two-prong Strickland test: first, whether appellant has shown his counsel's
performance was deficient and, second, whether the performance prejudiced the defense. See
Butler, 716 S.W.2d at 54 (interpreting the Strickland test).

 Appellant urges this Court to reverse the assessed punishment against him based
on his assertion that counsel was ineffective by failing to request a motion for continuance or
mistrial in response to the State's late notice of a "surprise" witness. The record shows that
sometime during the three-day trial, the prosecution gave notice, for the first time, of its intent to
offer evidence during the punishment phase of extraneous bad acts in the form of testimony from
a previously undisclosed witness. Pursuant to the notice, the State presented Beatrice Cruz, the
sister of the victim, as its first witness during the punishment phase. Cruz testified that appellant
had on several occasions directed sexual advances towards her when she was about 12 years old.

 It is undisputed that, on learning of the "surprise witness," appellant's counsel
requested neither a continuance nor a mistrial. Appellant argues that this amounts to ineffective
assistance in that his counsel did not even attempt to assess the new evidence. However, appellant
provides this Court with nothing from the record showing how this affected counsel's rendition
of effective assistance. During the hearing on appellant's motion for new trial, trial counsel was
asked if he requested a continuance or mistrial, and admitted that he did not. But no further
inquiry was made, so we are unable to determine if counsel had a reason based on sound trial
strategy for his actions. Whatever counsel's reasons, if any, for failing to request a continuance
or mistrial, the fact that other counsel might have so requested does not amount to ineffective
representation. See Ingham, 679 S.W.2d at 509 (fact that other counsel might have tried case
differently does not show ineffective assistance).

 It is unclear from his brief to this Court whether appellant also raises the
ineffectiveness issue based on counsel's failure to request an instruction in the punishment charge
on the burden of proof required for consideration of extraneous offenses. Assuming appellant does
complain of his counsel's failure to object to this charge deficiency, we hold that this oversight
did not render counsel ineffective. Failure to request an instruction on the burden of proof
required for consideration of extraneous offenses during the punishment phase of trial is not
necessarily ineffective assistance of counsel. See Yates v. State, 917 S.W.2d 915, 924 (Tex.
App.--Corpus Christi 1996, pet. ref'd); Blevins v. State, 884 S.W.2d 219, 230 (Tex.
App.--Beaumont 1994, no pet.); Wilson v. State, 730 S.W.2d 438, 444 (Tex. App.--Fort Worth
1987, pet. ref'd); Abbott v. State, 726 S.W.2d 644, 649 (Tex. App.--Amarillo 1987, pet. ref'd).

 Because appellant has failed to show that his counsel's performance was deficient
under the first prong of the Strickland test, we need not address whether any alleged deficient
performance prejudiced the defense under Strickland's second prong.

 We have carefully reviewed the record before us and hold that trial counsel's
efforts--while not free from error--were sufficient to constitute reasonably effective assistance in
both phases of the trial. We overrule appellant's first point of error.

Failure to Instruct the Jury


 In his second point of error, appellant asks this Court to reverse the assessed
punishment based on the trial court's failure to include an instruction in the punishment charge
directing the jury not to consider extraneous offenses unless it first found beyond a reasonable
doubt that appellant committed those offenses. (5) The parties agree that the punishment charge
contained no instruction in any form whatsoever on the State's burden of proof. Thus, appellant
argues, the jury was invited to consider Cruz's testimony of extraneous bad acts whether or not
the jurors believed it to be true beyond a reasonable doubt.

 The court of criminal appeals has determined that there is "an absolute systemic
requirement that an instruction on reasonable doubt be submitted to the jury in all cases where the
burden of proof requires the jury to find guilt beyond a reasonable doubt." Reyes v. State, 938
S.W.2d 718, 721 (Tex. Crim. App. 1996) (interpreting Geesa v. State, 820 S.W.2d 154 (Tex.
Crim. App. 1991)). Both Reyes and Geesa, however, involved the guilt-innocence phase of trial. 
In Mitchell v. State, the court expanded the Geesa requirement, holding that a reasonable-doubt
instruction also must be included in the jury charge when requested at the punishment phase of
trial. Mitchell v. State, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996). In the case at bar,
appellant never requested this instruction nor objected to its omission in the punishment charge;
nevertheless, he contends the trial court had a duty to give this instruction sua sponte, without
objection or request.

 This Court has previously held that, absent a defendant's request, there is no error
when a trial court fails to give an instruction requiring the jury to find beyond a reasonable doubt
that the defendant committed the extraneous offenses before considering evidence of those
offenses. See Smith v. State, 899 S.W.2d 31, 35 (Tex. App.--Austin 1995, pet. ref'd) (holding
no error where instruction omitted at punishment phase). Nonetheless, in Smith we presumed
error and followed the test set out in Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985) (op. on reh'g), to determine whether the absence of the instruction was so egregiously
harmful that the appellant had been denied a fair and impartial trial. See Smith, 899 S.W.2d at
35; cf. Cormier v. State, 955 S.W.2d 161, 163 (Tex. App.--Austin 1997, no pet.) (Almanza
review applied where punishment charge included special instruction on reasonable doubt burden
for extraneous offense evidence but failed to define "reasonable doubt").

 The Fourth Court of Appeals recently held that a trial court commits reversible
error if it fails to instruct the jury, at either the guilt-innocence or punishment phase, not to
consider evidence of extraneous offenses unless they are convinced of those acts beyond a
reasonable doubt, whether or not counsel requests such an instruction. See Huizar v. State, 966
S.W.2d 702 (Tex. App.--San Antonio 1998, pet. granted). We will follow our decision in Smith
and merely presume that the failure to give this instruction to the jury during the punishment phase
was error.

 We must then decide whether sufficient harm resulted from the error in the charge
to require reversal. Normally, errors in the charge are reviewed using the standard set out in
Almanza, 686 S.W.2d at 171. Appellant, however, argues that this error involves a constitutional
right, which requires a Rule 44.2(a) harmless-error analysis, and this Court therefore must reverse
unless we determine beyond a reasonable doubt that the error did not contribute to the punishment. 
See Tex. R. App. P. 44.2(a). He cites us to Huizar, where the court applied the analysis set out
in Rule 44.2(a). See Huizar, 966 S.W.2d at 709. In Huizar, the court explained that Reyes made
it clear the Almanza standard does not apply because the reasonable-doubt instruction is both a
statutory and constitutional right. See id. (citing Reyes, 938 S.W.2d at 721) (interpreting Geesa,
820 S.W.2d at 162). As noted previously in this opinion, however, Reyes and Geesa involved the
reasonable-doubt instruction necessary to convict a defendant of the primary alleged offense, not
an instruction telling the jury under what circumstances evidence of an extraneous offense could
be considered for its limited purpose. See Reyes, 938 S.W.2d at 721; Geesa, 820 S.W.2d at 162. 
Since appellant complains about the reasonable-doubt instruction concerning evidence of
extraneous offenses, and not the instruction on the burden of proof necessary to convict him of the
charged offenses, we believe Reyes and Geesa are inapplicable.

 Our conclusion that the Almanza standard applies is supported by previous decisions
in similar cases. As Justice Duncan observed in her dissenting opinion in Huizar, no court had
ever held that a court's failure to instruct a jury on the burden of proof required before considering
extraneous offense was a constitutional error subject to Rule 44.2(a) analysis. Huizar, 966
S.W.2d at 710 (Duncan, J., dissenting). Every case we have found addressing such an error has
applied the standard set out in Almanza. See Mitchell, 931 S.W.2d at 954 (holding trial court
erred in refusing appellant's request for instruction on burden of proof for extraneous-offense
evidence admitted during punishment phase and remanding to court of appeals to conduct Almanza
harm analysis); Cormier, 955 S.W.2d at 164 (applying Almanza "egregious harm" standard to
failure to define "reasonable doubt" in instruction on burden of proof for extraneous offense
evidence admitted during punishment phase); Splawn v. State, 949 S.W.2d 867, 874 (Tex.
App.--Dallas 1997, no pet.) (applying Almanza "egregious harm" standard to failure to define
reasonable-doubt standard for considering extraneous offenses); Yates, 917 S.W.2d at 924
(assuming, without deciding, that failure to give instruction was error and applying Almanza
"egregious harm" standard); Smith, 899 S.W.2d at 35 (same).

 Our conclusion is further supported by the fact that, while the reasonable-doubt
instruction implicates both state and federal constitutional rights in the context of conviction, (6) this
is not true in the context of punishment, especially in regard to extraneous offenses. The State's
burden to prove extraneous offenses beyond a reasonable doubt is purely a creature of statute
derived from article 37.07 of the Texas Code of Criminal Procedure. We decline to adopt the
rationale in Huizar. We hold instead that the proper harm analysis to apply here, assuming this
was error, is the Almanza standard.

 Under Almanza, an appellant who complains of an error in the charge for the first
time on appeal must demonstrate that the error was so egregiously harmful that he was denied a
fair and impartial trial. Almanza, 686 S.W.2d at 171. This requires a showing of actual harm,
not just theoretical harm. Id. at 174.

 We are convinced that there was no egregious harm at the punishment phase in the
instant case. The entire trial, including both guilt-innocence and punishment phases, lasted
approximately three days. The jury began deliberating as to appellant's guilt during the mid-afternoon of the second day. In the charge to the jury on guilt-innocence, the court defined
"reasonable doubt" and included a specific limitation and instruction that the jury could not
consider evidence of any extraneous bad acts unless it first found beyond a reasonable doubt that
the defendant committed such acts. After returning a guilty verdict, the jury began punishment
deliberations late in the morning of the third day of trial, less than 24 hours after receiving the
court's guilt-innocence charge. There is no reason to believe the jury did not remember the charge
given in the guilt-innocence phase, and no evidence that the jury did not follow the guilt-innocence
instructions when it later considered punishment. See Cormier, 955 S.W.2d at 164 (no evidence
that defendant was harmed by absence of "reasonable-doubt" definition in punishment charge
where definition present in guilt-innocence charge and punishment deliberations began less than
24 hours after guilt-innocence charge given). Appellant has failed to point to evidence on the
record that the court's failure to include the reasonable-doubt instruction in the punishment charge
affected the jury's deliberations regarding extraneous offenses.

 We hold that even if the court erred in omitting a reasonable-doubt instruction in
the punishment phase concerning the State's burden of proof of extraneous-offense evidence, the
appellant has not met his burden of showing that the error was so egregiously harmful as to deny
him a fair and impartial trial. See Almanza, 686 S.W.2d at 171. We overrule point of error two.


CONCLUSION



 Having overruled appellant's points of error, we affirm the judgment of conviction.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and B. A. Smith

Affirmed

Filed: April 29, 1999

Publish

1. See Tex. Penal Code Ann. §§ 22.021(a)(1)(B), (2)(B) (West Supp. 1999).
2. Appellant was a long-time friend of the victim's mother, and on occasion would take the
child out "driving around" or to get something to eat.
3. The record in this appeal contains appellant's motion for new trial raising the ineffectiveness
issue, and a transcript of the hearing on that motion, from which we may discern whether he has
rebutted the presumption of effectiveness.
4. The DNA evidence consisted of a lab report comparing semen found on the victim's
undergarments to a sample of appellant's blood. The State's DNA expert testified he could not
exclude appellant as a donor of the semen. He further testified that less than one percent of the
Hispanic population could have been a donor.
5. The State is entitled to introduce evidence of a defendant's extraneous bad acts during the
punishment phase of trial. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1999). 
Before such evidence may be considered by the trier of fact, however, the State has the burden to
show beyond a reasonable doubt that the defendant committed the act. See id.
6. See In re Winship, 397 U.S. 358, 363-64 (1970) (reasonable-doubt standard has
constitutional stature); Reyes, 938 S.W.2d at 721 n.7 (stating that the rules announced in Geesa
implement the constitutional requirement that a criminal conviction can only stand except upon
proof beyond a reasonable doubt).


.2d at 171. This requires a showing of actual harm,
not just theoretical harm. Id. at 174.

 We are convinced that there was no egregious harm at the punishment phase in the
instant case. The entire trial, including both guilt-innocence and punishment phases, lasted
approximately three days. The jury began deliberating as to appellant's guilt during the mid-afternoon of the second day. In the charge to the jury on guilt-innocence, the court defined
"reasonable doubt" and included a specific limitation and instruction that the jury could not
consider evidence of any extraneous bad acts unless it first found beyond a reasonable doubt that
the defendant committed such acts. After returning a guilty verdict, the jury began punishment
deliberations late in the morning of the third day of trial, less than 24 hours after receiving the
court's guilt-innocence charge. There is no reason to believe the jury did not remember the charge
given in the guilt-innocence phase, and no evidence that the jury did not follow the guilt-innocence
instructions when it later considered punishment. See Cormier, 955 S.W.2d at 164 (no evidence
that defendant was harmed by absence of "reasonable-doubt" definition in punishment charge
where definition present in guilt-innocence charge and punishment deliberations began less than
24 hours after guilt-innocence charge given). Appellant has failed to point to evidence on the
record that the court's failure to include the reasonable-doubt instruction in the punishment charge
affected the jury's deliberations regarding extraneous offenses.

 We hold that even if the court erred in omitting a reasonable-doubt instruction in
the punishment phase concerning the State's burden of proof of extraneous-offense evidence, the
appellant has not met his burden of showing that the error was so egregiously harmful as to deny
him a fair and impartial trial. See Almanza, 686 S.W.2d at 171. We overrule point of error two.


CONCLUSION



 Having overruled appellant's points of error, we affirm the judgment of conviction.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and B. A. Smith

Affirmed

Filed: April 29, 1999

Publish

1. See Tex. Penal Code Ann. §§ 22.021(a)(1)(B), (2)(B) (West Supp. 1999).
2. Appellant was a long-time friend of the victim's mother, and on occasion would take the
child out "driving around" or to get something to eat.
3. The record in this appeal contains appellant's motion for new trial raising the ineffectiveness
issue, and a transcript of the hearing on that motion, from which we may discern whether he has
rebutted the presumption of effectiveness.
4. The DNA evidence consisted of a lab report comparing semen found on the victim's
undergarments to a sample of appellant's blood. The State's DNA expert testified he could not
exclude appellant as a donor of the semen. He further testified that less than one percent of the
Hispanic population could have been a donor.
5. The State is entitled to introduce evidence of a defendant's extraneous bad acts during the
punishment phase of trial. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1999). 
Before such evidence may be considered by the trier of fact, however, the State has the burden to
show beyond a reasonable doubt that the defendant committed the act. See id.
6. S