11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Corey Dewayne Sherman

Appellant

Vs.     Nos. 11-00-00308-CR, 11-00-00309-CR,
& 11-00-00310-CR B
Appeals from Dallas County

State of Texas

Appellee

 

In a consolidated trial, the jury convicted appellant of the aggravated
robbery[1]
of Raul Garcia and of the aggravated kidnapping[2]
and aggravated sexual assault[3]
of Diana Lopez.  The jury assessed
punishment at 20 years confinement in the aggravated robbery conviction, 30
years confinement in the aggravated kidnapping conviction, and 60 years
confinement in the aggravated sexual assault conviction.  In his first two issues, appellant
challenges the legal and factual sufficiency of the evidence to support his
conviction of the aggravated robbery of Garcia.  In his third issue, appellant claims that the trial court abused
its discretion by denying appellant=s motion for a mistrial.  In his
fourth and final issue, appellant claims that he received ineffective
assistance of counsel. We affirm.  Legal and Factual Sufficiency of the
Evidence

In his
first two issues, appellant argues that the evidence is legally and factually
insufficient because there is no corroborating non-accomplice witness evidence
tending to connect him to the crime of aggravated robbery.  Appellant does not challenge the sufficiency
of the evidence to support his conviction for the aggravated sexual assault and
aggravated kidnapping of Lopez.  








Evidence
is legally sufficient when, viewed in the light most favorable to the
prosecution, it is sufficient to permit a rational trier of fact to find all
the essential elements of the charged crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979);
Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is factually sufficient, we
must review all the evidence and determine whether the verdict is so against
the great weight of the evidence as to be clearly wrong and unjust.  Johnson v. State, 23 S.W.3d 1
(Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v.
State, 922 S.W.2d 126 (Tex.Cr.App.1996). 

Testimony
from an accomplice may only be used to convict a defendant if there is
sufficient non-accomplice evidence Atending to connect the defendant with the offense committed.@  TEX.
CODE CRIM. PRO. ANN. art. 38.14 (Vernon 1979). 
We disregard all accomplice testimony to test the corroborative
sufficiency of the non-accomplice testimony. 
McDuff v. State, 939 S.W.2d 607, 612 (Tex.Cr.App.1997).  The non-accomplice testimony does not have
to link the defendant directly to the crime or establish guilt beyond a
reasonable doubt.  McDuff v. State,
supra at 613.  The record must merely
contain some non-accomplice evidence which tends to connect
appellant to the offense.  McDuff v.
State, supra; Thomas v. State, 993 S.W.2d 392, 393 (Tex.App. - Eastland 1999,
no pet=n). 
The accomplice testimony need not be corroborated as to every, or even
any, element of the offense charged. 
Evidence that the defendant was in the company of the accomplice witness
before, during, and after the crime, when coupled with other circumstances, can
be sufficient to corroborate the accomplice testimony.  Thomas v. State, supra at 393.  

                                                             Accomplice
Testimony

Brian O=Neal Glenn, the accomplice, testified for the
State.  Glenn testified to the following
events.  On August 6, 1999, sometime
after midnight, appellant drove Steve Silva, James Malone, and Glenn to Kid
Springs Park in his black Acura with chrome rims.  Glenn identified the black Acura as being the one shown in the
State=s exhibits. 
Appellant saw Garcia and Lopez at the park, and appellant stated his
intention to Ajack@ or rob the couple.  Garcia and
Lopez were leaning against the hood of Garcia=s car.  Appellant drove close to
the couple, and Silva asked Lopez about the location of a Taco Cabana
restaurant to get her attention.  Lopez
responded that she did not know of a Taco Cabana restaurant in the area.  The four men then got out of the car.   Appellant was the only individual with a
gun.  Appellant struck Garcia in the
face with the gun, and Silva took Garcia=s wallet.  Silva and Malone
threw Garcia to the ground and beat and kicked Garcia until he was
unconscious.  








Meanwhile,
appellant draped a towel over Lopez=s head and forced her into the back seat of the car.  As they drove around, Glenn and Silva made Lopez
perform oral sex on them.  Appellant
drove to two different locations where each of the men repeatedly raped Lopez
vaginally, anally, and orally.  At the
first stop, appellant and Malone argued about who would have sex with Lopez
first.  At the second stop, while the
men continued to rape her, Lopez complained that she was thirsty.  In response to the men=s complaints that Lopez=s mouth was too dry for oral sex, appellant
removed a beer from the trunk of his car and poured the beer down Lopez=s throat. 
The men eventually drove to a third location where they placed her in a
ditch.  Glenn gave her three dollars,
and they drove away.  Glenn described
the make, model, and caliber of the gun used by appellant during the robbery
and identified State=s
Exhibit No. 30[4] as
being the same make, model, and caliber of gun that appellant used that
night.  

                                                         Non-Accomplice
Testimony

Lopez
testified that the State=s photographs of appellant=s car looked like the black car carrying the four men who attacked her
and Garcia.  Although the men put a
towel on her head to mask their identities, Lopez=s testimony is substantially the same as Glenn=s. 
She heard the men arguing over who was going to have sex with her first
when the car stopped the first time. 
Glenn testified that appellant and Malone were the two who were
arguing.  Lopez confirmed Glenn=s testimony that, when she complained that
she was thirsty, one of her attackers poured beer into her mouth.  The State=s exhibits show a beer cooler in the trunk of appellant=s car. 
Lopez testified that, after the men drove away, she wiped her private
parts with the towel before seeking help. 
The State=s forensic expert testified that 11 out of 15
stain samples on the towel matched appellant=s DNA and that a stain on Lopez=s dress also matched appellant=s DNA.  








Both Lopez
and Garcia confirmed that one of the men first asked about a Taco Cabana
restaurant.  Garcia also identified
appellant=s car shown in the State=s exhibits as being the car that the four men
were in; he had noticed its sun roof and tinted windows.  Garcia testified that State=s Exhibit No. 30 matched the gun used by his attackers.  Garcia also stated that, when the men took
his wallet, one of them hit him in the nose with the gun.  The photographs taken of Garcia after the
attack showed a fresh cut across his nose. 

   Senior Corporal Eduardo Ibarra of the
Dallas Police Department testified that, on the night of the crime, Garcia told
him that he was robbed at gunpoint by four individuals who were in a black
four-door car.  He also noticed that
Garcia had a laceration on his nose. 
Detective Colleen Shinn testified that, underneath appellant=s bed, she found the gun that became State=s Exhibit No. 30.       We find that the
non-accomplice testimony in the instant case established: (1) that appellant
was in the company of Glenn before, during, and after the robbery and (2) that
appellant aided and assisted the men who robbed Garcia.  See TEX. PENAL CODE ANN. ' 7.02(a)(2) (Vernon1994).  There is sufficient non-accomplice evidence
connecting appellant to the offense and corroborating the testimony of the
accomplice witness.  We find the
evidence both legally and factually sufficient to show that appellant committed
the aggravated robbery.  The jury=s verdict is not against the great weight of
the evidence.  We overrule appellant=s first two issues.

                                                       Appellant=s Motion for Mistrial

In Issue
No. 3, appellant argues that the trial court erred in denying his motion for
mistrial made during the guilt phase of the trial.  In his opening statement after the State rested, defense counsel
informed the jury that appellant=s cousin, Mervin Sherman, was expected to testify that appellant was
with him at a topless club during the time of the offenses committed against
Garcia and Lopez.  Counsel then called
Mervin to the stand, but Mervin was no longer in the courtroom.  The trial court granted a 25-minute recess,
during which time counsel unsuccessfully attempted to locate Mervin.  After the recess and outside the presence of
the jury, counsel explained that he could not locate Mervin and requested a
continuance.  The trial court determined
that Mervin had voluntarily absented himself from the courtroom and denied
appellant=s motion. 
Before the court reconvened the jury, defense counsel requested a
mistrial based on the absent witness. 
Defense counsel stated that Athe jury [might] believe that the defendant is guilty of the offense
since we didn=t call that person,@ and he argued that Mervin=s absence was highly prejudicial to
appellant.  The trial court denied
appellant=s motion for mistrial.  Defense counsel then rested.








A mistrial
is a device used to halt trial proceedings when error is so prejudicial that
expenditure of further time and expense would be wasteful and futile.  Ladd v. State, 3 S.W.3d 547, 567
(Tex.Cr.App.1999).  Thus, a trial court
may properly exercise its discretion to declare a mistrial if an impartial
verdict cannot be reached or if a verdict of conviction could be reached but
would have to be reversed on appeal due to an obvious procedural error.  Ladd v. State, supra at 567.  The determination of whether a given error
necessitates a mistrial must be made by examining the particular facts of the
case.  Hernandez v. State, 805 S.W.2d
409, 413-14 (Tex.Cr.App.1990).  A trial
court=s denial of a mistrial is reviewed under an
abuse of discretion standard.  State v.
Gonzalez, 855 S.W.2d 692, 696 (Tex.Cr.App.1993).  The appellate court may not substitute its judgment for that of
the trial court but must determine whether the trial court=s decision was arbitrary or
unreasonable.  Lewis v. State, 911
S.W.2d 1, 7 (Tex.Cr.App.1995); State v. Gonzalez, supra at 696.  The Court of Criminal Appeals has defined Aabuse of discretion@ as whether the trial court=s decision lies outside the Azone of reasonable disagreement.@ Cantu v. State, 842 S.W.2d 667, 682
(Tex.Cr.App.1992), cert. den=d, 509 U.S. 926 (1993); Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Cr.App.1991).  We find no abuse of discretion in the trial
court=s denial of a mistrial.  The trial court=s decision was not arbitrary or
unreasonable.  We overrule appellant=s third issue. 

                                                     Ineffective
Assistance of Counsel 

In his
fourth and final issue, appellant contends that trial counsel was ineffective
for (1) failing to file pretrial motions until the morning trial commenced, (2)
failing to file a written motion for continuance, (3) waiting until the trial
commenced before issuing witness subpoenas, and (4) threatening witnesses with
the possibility of imprisonment if they lied in testifying for the
defense.  We disagree.  








To
determine whether appellant=s trial counsel rendered ineffective assistance at trial, we must first
determine whether appellant has shown that counsel=s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for
counsel=s errors. Strickland v. Washington, 466 U.S.
668 (1984);  Hernandez v. State, 988
S.W.2d 770 (Tex.Cr.App.1999); Hernandez v. State, 726 S.W.2d 53, 55
(Tex.Cr.App.1986).  The burden of
showing ineffective assistance rests with appellant.  Moore v. State, 694 S.W.2d 528, 531 (Tex.Cr.App.1985).

 Appellant contends that trial counsel was
ineffective by filing pretrial motions on the morning trial commenced.  The mere failure to file pretrial motions is
not per se ineffective assistance. 
Miranda v. State, 993 S.W.2d 323, 327 (Tex.App. - Austin 1999, no pet=n). 
The State provided defense counsel with the information that was
requested in the pretrial motions. 
Appellant fails to cite anything in the record that would show that
defense counsel=s actions were not reasonable or that the
result would have been different if defense counsel had filed the motions
earlier. 

Appellant
also argues that trial counsel was ineffective for failing to file a written
motion for continuance after the anticipated defense witness voluntarily
absented himself from the trial. Appellant argues that counsel=s failure to file a written motion for
continuance preserved nothing for review. 
Appellant does not cite anything in the record to show that the result
would have been different if defense counsel had filed a written motion for
continuance. 

Appellant
further contends that trial counsel was ineffective because subpoenas were not
issued until trial had already begun.  A
defendant may base an ineffective assistance claim on an attorney=s failure to present witnesses only if the
defendant can show that the witnesses were available and that their testimony
would have benefitted the defendant. 
Ross v. State, 802 S.W.2d 308, 312 (Tex.App. B Dallas 1990, no pet=n). 
Appellant makes no showing that any witnesses were available or that the
witnesses= testimony would have benefitted his case.

Finally,
appellant bases his claim on an argument that the anticipated witness absented
himself from trial because of a threat from defense counsel.  Defense counsel apparently told witnesses
that, if a witness lied when testifying for the defense, the witness could be
subject to imprisonment for perjury. 
Defense counsel=s
admonition was not a threat.  If
anything, defense counsel=s admonition demonstrates effectiveness.  








We hold
that appellant received reasonably effective assistance of counsel.  Appellant has not shown that trial counsel=s representation fell below an objective
standard of reasonableness or that the result of his trial would have been
different but for counsel=s conduct.  The fourth and final
issue is overruled.

                                                                This
Court=s Ruling

The
judgments of the trial court are affirmed.

 

TERRY
McCALL

JUSTICE

 

November 8, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.











[1]Cause No. 11-00-00308-CR.





[2]Cause No. 11-00-00309-CR.





[3]Cause No. 11-00-00310-CR.





[4]The officers found the gun underneath appellant=s bed during their search.