NO. 07-03-0102-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 31, 2005

_____

RAY LAYNE FERGUSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. 005871984; HONORABLE JACK R. MILLER, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Ray Layne Ferguson appeals his conviction for delivery of a controlled substance by constructive transfer. He contends that the evidence was legally and factually insufficient to support the conviction, and that he received ineffective assistance of counsel. We affirm.

## BACKGROUND

Amy Yarbrough, working as a confidential informant for the Plainview Police Department, agreed to assist Mandy Williamson, an undercover officer, in setting up a drug transaction. Yarbrough made two phone calls to appellant. During the calls she spoke with both appellant and appellant's wife, Bonnie Rodriguez, and arranged to purchase cocaine. As arranged, Rodriguez took Williamson's money, borrowed Yarbrough's vehicle to pick up the drugs, and returned the cocaine to Williamson. Throughout the transaction, Williamson wore a device which transmitted audio to other officers monitoring the deal. After Williamson received the cocaine from Rodriguez, Williamson signaled the monitoring officers who entered the residence and arrested appellant and Rodriguez.

Appellant was tried and convicted by a jury for delivery of a controlled substance by constructive transfer[1] and sentenced to seven years imprisonment. Appellant appeals by two issues.

---

[1]The jury was charged that, "Constructive transfer of a controlled substance means the transfer of a controlled substance, either belonging to the person charged or under his direct or indirect control, by some other person or manner, at the instance or direction of the person charged. In order to establish a constructive transfer by the person charged to some other person, it must be shown that, prior to the alleged delivery, the transferor must have either direct or indirect control of the substance transferred and that the transferor knew of the existence of the transferee." See Daniels v. State, 754 S.W.2d 214, 221-22 (Tex.Crim.App. 1988).

ISSUE ONE: LEGAL AND
FACTUAL SUFFICIENCY OF THE EVIDENCE

Appellant first asserts that the evidence was legally and factually insufficient to support his conviction. He contends that, absent Yarbrough's testimony, the evidence was insufficient to support the conviction and that Yarbrough's testimony may not be considered because it was not corroborated. Appellant cites TEX. CRIM. PROC. CODE ANN. art. 38.141 (Vernon Supp. 2004)[2] and <u>Young v. State</u>, 95 S.W.3d 448 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd), as support for his contention that Yarbrough's testimony could not be considered because it was not corroborated. Article 38.141 provides:

> (a) A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code, on the testimony of a person who is not a licensed peace officer or a special investigator but who is acting covertly on behalf of a law enforcement agency or under the color of law enforcement unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.

A confidential informant's testimony is sufficiently corroborated if, setting aside the informant's testimony, the other inculpatory evidence, viewed in a light most favorable to the verdict, tends to connect the accused to the commission of the offense, even if it does not directly link the accused to the crime. See <u>Cantelon v. State</u>, 85 S.W.3d 457, 460-61 (Tex.App.–Austin 2002, no pet.).

---

[2]Further references to the Texas Code of Criminal Procedure will be by reference to "art. ___".

Evidence is legally sufficient if, when viewed in the light most favorable to the jury's verdict, a rational jury could have found the essential elements of the offense, beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Clewis v. State, 922 S.W.2d 126, 132 n.10 (Tex.Crim.App. 1996).

Evidence is factually sufficient if, when all of the evidence is considered in a neutral light, a rational jury could have made a finding of guilt beyond a reasonable doubt.  See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004).

In conducting a sufficiency review of the evidence for corroboration of Yarbrough's testimony, we eliminate Yarbrough's testimony from consideration and examine the remaining record for evidence tending to connect appellant to the commission of the offense.  See Cantelon, 85 S.W.3d at 461.  Although there is no precise rule stating the amount of evidence necessary to corroborate an informant's testimony, the "tends-to-connect" standard does not present a high threshold.  Id.  Circumstances which, if considered individually, might not tend to connect a defendant to an offense, can tend to connect a defendant to the offense when considered together.  Id. at 460-61.

In the present case, Rodriguez testified that appellant told Yarbrough, "We could see, you know, if [Yarbrough] could come and pick up Bonnie [Rodriguez]," and then asked Rodriguez "if [Rodriguez] wanted to go somewhere."  According to Rodriguez, appellant was aware that Yarbrough was looking for "some stuff" which Rodriguez understood meant drugs.  Williamson testified that after Rodriguez returned with the cocaine, appellant suggested everyone go inside to avoid possible police surveillance.

-4-

Without considering Yarbrough's testimony, we conclude that, viewed in the light most favorable to the verdict, the remaining evidence tends to connect appellant with the offense. Thus, the evidence is sufficient to corroborate Yarbrough's testimony as required by art. 38.141.

We next review the evidence, including Yarbrough's testimony, for legal sufficiency. Scott Williams, a chemist with the Texas Department of Public Safety's laboratory, testified that the substance sold to Williamson contained 1.64 grams of cocaine, a second degree felony amount. See Tex. Health & Safety Code Ann. § 481.112(c) (Vernon 2003). Yarbrough testified that appellant told her during the phone call arranging the transaction that,

"I don't have any stuff, but I can make a phone call and I can get you some." Appellant also arranged for Yarbrough to let Rodriguez borrow Yarbrough's car. Yarbrough testified that she did not deal directly with Rodriguez initially because she was more comfortable with appellant, and knew appellant could get her the cocaine. Finally, Yarbrough testified that she believed Rodriguez was acting under appellant's control. Considering this evidence in the light most favorable to the jury's verdict, we conclude that the evidence was sufficient to allow a rational jury to find the essential elements of the offense alleged beyond

a reasonable doubt.[3]   See Jackson, 443 U.S. at 319; Clewis, 922 S.W.2d at 132. Therefore, the evidence was legally sufficient to support the jury's verdict.

We next review the evidence for factual sufficiency.  In doing so, we review all of the evidence in a neutral light to determine whether a rational jury could have found appellant guilty beyond a reasonable doubt.  See Zuniga, 144 S.W.3d at 484.

In addition to evidence we have previously noted, Rodriguez testified that appellant did not direct her to get the cocaine.  She claimed that the transaction was her doing, and pled guilty to the offense.  However, the jury is the final judge of the weight and credibility of the evidence.  See Cain v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997).  We will not consider a jury's findings unjust because the jury resolved conflicting views of the evidence in favor of the State.  Id. at 410.  Hence, the jury could have resolved the conflicting testimony by discounting Rodriguez's testimony minimizing appellant's role in the transaction and believing the evidence portraying appellant as being in control of the transaction.

---

[3]A person commits the offense of delivery of a controlled substance if the person intentionally or knowingly delivers, a controlled substance listed in Penalty Group 1. See TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2003).

Cocaine is a Penalty Group 1 controlled substance.  See TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon 2003).

Delivery can be by actual or constructive transfer.  See TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 2003); See supra note 1.

Our review of the evidence leads us to conclude that (1) the evidence supporting the verdict was not too weak to support a finding of guilt beyond a reasonable doubt, and (2) the evidence contrary to the verdict was not so strong that the jury could not have found appellant guilty beyond a reasonable doubt. See Zuniga, 144 S.W.3d at 484-85. That being so, the evidence was factually sufficient. Id.

We overrule appellant's first issue.

ISSUE TWO: INEFFECTIVE ASSISTANCE OF COUNSEL

By his second issue, appellant contends that his trial counsel provided ineffective assistance by failing to (1) object to prosecutorial remarks during *voir dire* and closing; (2) object to remarks of the presiding judge; (3) request a directed verdict; (4) request a mistrial; (5) request a new trial; and (6) request probation from the judge after the jury returned its verdict on punishment.

A claim of ineffective assistance of counsel requires appellant to show (1) that counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed under the Sixth Amendment, and (2) that counsel's deficient performance prejudiced appellant, depriving him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). To prevail in a claim of ineffective assistance of counsel, appellant must prove both prongs of Strickland by a preponderance of the evidence. Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000).

To successfully present an argument that counsel was ineffective because of a failure to object to the State's questioning and argument, appellant must show that the trial court would have committed error in overruling such objection. See Vaughn v. State, 931 S.W.2d 564, 566 (Tex.Crim.App. 1996) (en banc). Appellant does not contend that the trial court would have erred in overruling an objection to the challenged prosecutorial comments. He simply claims that the statements were manifestly improper. This contention does not present anything for review. Id.

Further, although appellant claims that comments by the trial judge explaining why he was sitting by assignment were prejudicial, he fails to cite supporting authority for his contention or explain his failure to do so. See TEX. R. APP. P. 38.1(h); Rocha v. State, 16 S.W.3d 1, 20 (Tex.Crim.App. 2000) (argument that fails to cite supporting authority presents nothing for review). This contention presents nothing for review.

Appellant's proposition that trial counsel should have moved for a directed verdict or new trial relies on the assumption that Yarbrough's testimony was inadequately corroborated and that the evidence was legally and factually insufficient to support a guilty verdict. However, we have previously determined that Yarbrough's testimony was corroborated and that the evidence was sufficient to support the conviction. Hence, appellant has not shown that he would have been entitled to a directed verdict or new trial and that trial counsel's performance prejudiced his defense. See Charleston v. State, 33 S.W.3d 96, 101 (Tex.App.–Texarkana 2000, pet. ref'd).

Regarding trial counsel's failure to request a motion for mistrial or to request probation from the trial judge after the jury's verdict, appellant does not demonstrate or contend that there was a reasonable probability that either a mistrial or probation would have been granted. He has not shown that but for counsel's action the result of the proceeding would have been different. See <u>McFarland v. State</u>, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996) (en banc); <u>Miranda v. State</u>, 993 S.W.2d 323, 329 (Tex.App.–Austin 1999, no pet.).

Appellant has failed to show prejudice from trial counsel's representation. Hence, he has not met his burden to show ineffective assistance of counsel. See <u>McFarland</u>, 928 S.W.2d at 500. We overrule his second issue.

Having overruled appellant's two issues, we affirm the judgment of the trial court.


Phil Johnson
Chief Justice

Do not publish.