Senen ROMERO, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–99–00514–CR to
04–99–00516–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 18, 2000.

Suzanne M. Kramer, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice.

## OPINION

HARDBERGER, Chief Justice.

Senen Romero ("Romero") appeals his convictions of burglary of a habitation with intent to commit a felony, aggravated assault with a deadly weapon, and aggravated kidnapping. Romero raises two points of error in his brief, asserting: (1) the trial court erred in refusing to submit the lesser included offense of unlawful restraint in connection with the aggravated kidnapping charge; and (2) he did not receive effective assistance of counsel. We overrule each of Romero's contentions and affirm the trial court's judgments.

### LESSER INCLUDED OFFENSE

In his first point of error, Romero contends that the trial court erred in refusing to submit the lesser included offense of unlawful restraint in the charge to the jury. This point of error only relates to the aggravated kidnapping offense.

In order to be entitled to a lesser-included-offense instruction, Romero was required to show: (1) the lesser included offense, unlawful restraint, is included within the proof necessary to establish the charged offense, aggravated kidnapping; and (2) some evidence exists in the record that would allow a rational jury to conclude that appellant was guilty only of the lesser offense. *See Medina v. State*, 7 S.W.3d 633, 638 (Tex.Crim.App. 1999), *cert. denied*, —— U.S. ——, 120

S.Ct. 1840, 146 L.Ed.2d 782 (2000). To meet the second prong, the evidence must establish the lesser-included offense as "a valid, rational alternative to the charged offense." *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex.Crim.App.1997).

■ A person commits an offense of aggravated kidnapping if he intentionally or knowingly abducts another person with the intent to inflict bodily injury on her, to violate or abuse her sexually, or to terrorize her or a third person. *See* TEX. PEN. CODE ANN. § 20 .04(a)(4), (5) (Vernon Supp.2000); *see also Harner v. State*, 997 S.W.2d 695, 701 (Tex.App.—Texarkana 1999, no pet.). The term "abduct" is statutorily defined as restraining a person with the intent to prevent her liberation by: (1) secreting or holding her in a place where she is not likely to be found; or (2) using or threatening to use deadly force. *See* TEX. PEN. CODE ANN. § 20.01(2) (Vernon Supp.2000). A person commits the offense of unlawful restraint if he intentionally or knowingly restrains another person. *See* TEX. PEN. CODE ANN. § 20.02 (Vernon Supp.2000). "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with her liberty, by moving her from one place to another or by confining her. *See id.* at § 20.01(1). Restraint is "without consent" if it is accomplished by force, intimidation, or deception. *See id.* Kidnapping is accomplished by abduction, which includes restraint, but unlawful restraint is committed by restraint only. *Harner*, 997 S.W.2d at 701.

■ Although the statutory elements demonstrate that the offense of unlawful restraint is included within the proof necessary to establish the offense of aggravated kidnapping, Romero must demonstrate that the record contained some evidence that would allow a rational jury to conclude that appellant was guilty only of the lesser offense. *See Medina v. State*, 7 S.W.3d at 638. Romero argues that the jury could have reasonably believed that he did not intentionally shoot the complainant's mother in order to effectuate a kidnapping and that the complainant went with Romero voluntarily. We disagree. Three witnesses testified regarding the events that occurred. The complainant's brother testified that Romero was brandishing a firearm when he broke down the door to the house. The complainant, her mother, and her brother testified that Romero had the firearm when he grabbed the complainant from her bed. The three witnesses further testified that Romero threatened to shoot the complainant's mother if the complainant refused to leave the house with him. Ultimately, Romero shot the complainant's mother in the leg as he took the complainant from the house. There is no evidence in the record from which a rational jury could find that the complainant would have left the house with Romero if he had not threatened to shoot her mother. Romero's first point of error is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ In his second point of error, Romero complains that he did not receive effective assistance of counsel. In order to prevail on this point of error, Romero has the burden to prove by a preponderance of the evidence that: (1) counsel's performance was deficient, i.e., his assistance fell below an objective standard of reasonableness; and (2) appellant was prejudiced, i.e., a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.1999). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 813. An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Id.* There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To defeat the

presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.*

Romero complains that counsel was ineffective because: (1) Steve Briones was permitted to testify regarding an unadjudicated extraneous offense which the district attorney had dismissed; (2) the complainant's mother was permitted to testify regarding an extraneous offense; (3) no bill of exception was made regarding a letter trial counsel attempted to have admitted for impeachment; and (4) trial counsel failed to move for a directed verdict.

■■■ Steve Briones only testified during the punishment phase of the trial. Briones was only permitted to testify after the trial court conducted an extensive hearing outside the jury's presence to determine which extraneous offenses would be admitted during the punishment phase. Romero appears to contend that because the charges relating to the offense involving Briones were dismissed, trial counsel was ineffective in not obtaining a ruling that would have precluded the State from introducing the evidence. At punishment, the state is entitled to admit evidence of unadjudicated extraneous offenses regardless of whether the defendant was charged or finally convicted of the offenses. *See Foster v. State,* 779 S.W.2d 845, 860 (Tex. Crim.App.1989); *see also Mendiola v. State,* 995 S.W.2d 175, 183–84 (Tex.App.— San Antonio 1999), *rev'd on other grounds,* 21 S.W.3d 282 (Tex.Crim.App.2000) (holding when unadjudicated extraneous offense is admitted for which charges were dis-

missed, evidence of the dismissal may also be admissible). Trial counsel properly requested and received a trial court hearing regarding the admissibility of the unadjudicated extraneous offense, and Romero has failed to show that trial counsel's performance relating to the admission of Briones's testimony was deficient.

■■■ Romero also complains that trial counsel was deficient in failing to object when the complainant's mother testified during the guilt/innocence phase that she did not like Romero because he hit her daughter when her daughter was pregnant.[1] The record is silent as to why trial counsel chose not to object to the testimony; therefore, Romero has failed to rebut the presumption that counsel's failure to object was a strategic or reasonable decision. *See Thompson,* 9 S.W.3d at 814.

■■■ Romero also complains that trial counsel was deficient in failing to preserve error with respect to the trial court's exclusion of the contents of a letter. Trial counsel elicited testimony from the complainant that she had written four or five letters to Romero while he was in jail, and trial counsel sought to introduce the contents of the letter to impeach the complainant about her desire to have a sexual relationship with Romero in the future. Trial counsel may have believed that he made his point, and the contents of the letter were not important to Romero's defense. In any event, the record is silent regarding the reason trial counsel chose not to introduce the contents of the letter through a bill of exception; therefore, Romero has failed to rebut the presump-

---

1. The following is the testimony Romero complains should not have been admitted:

Q. [D]efense counsel asked you about why you don't like Senen Romero. I'm going to ask you why you don't like him, other than he shot you and he took your daughter, why didn't you like him before this time?

A. Because he used to hit my daughter when she was pregnant, she had a big bruise on her face.

Q. Pregnant with his child?

A. Yes. The first child.

Q. And what else?

A. They're always fighting.

Q. And did your husband like him?

A. No.

Q. And why didn't he like him?

A. The same thing. He was living there with us and that day—since that happened he didn't like him at all.

Q. Anything to do with him hitting your daughter?

A. Yes.

tion that counsel's action was a strategic or reasonable decision. *See Thompson,* 9 S.W.3d at 814.

Finally, Romero complains that trial counsel was deficient in failing to move for a directed verdict. Romero acknowledges that to prevail on a motion for directed verdict, he would have to prove that the evidence was legally insufficient to support a conviction. Trial counsel may have decided not to move for a directed verdict because the three eyewitnesses' testimony was legally sufficient to support a conviction. Because the record is silent regarding the reason trial counsel chose not to move for a directed verdict, Romero has failed to rebut the presumption that counsel's decision not to move for a directed verdict was reasonable. *See Thompson,* 9 S.W.3d at 814.

Romero's second point of error is overruled.

### CONCLUSION
The trial court's judgments are affirmed.