

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-017-CR

JOSEPH DAVID KAYNE                                    APPELLANT

V.

THE STATE OF TEXAS                                         STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Joseph David Kayne appeals his conviction for aggravated sexual assault of a child.[2] In four points, Kayne argues that the trial court erred by overruling his objection and denying his motion for mistrial because the State commented on his failure to testify; that the trial court erred by denying his

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (Vernon Supp. 2009).

motion for continuance after the prosecutor informed Kayne immediately prior to opening statements that he was going to use extraneous offense evidence; that he received ineffective assistance of counsel; and that the cumulative impact of the above errors were so great that his rights under both the federal and state constitutions were violated. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In the fall of 2005, M.W., an eleven-year-old boy; his mother; and his younger brother, J.W., were living with Kayne and his wife, Pamela Jean Kayne, in Hood County. Kayne is M.W.'s maternal grandfather, and Pamela is M.W.'s step-grandmother.

M.W. testified that after school, he and J.W. would ride the bus home to Kayne's house and that usually Pamela or Georgie Lee Golitz Wiley, Kayne's mother, would meet them at the bus stop. However, M.W. stated that on several occasions when Pamela and Wiley were not home, Kayne would be home alone with M.W. and J.W.[3]

M.W. recalled instances when Kayne would call him into Kayne's bedroom when no one else was home except J.W. On one occasion, Kayne

---

[3] At trial, Pamela testified that Kayne was never home alone with M.W. and J.W. She stated that M.W. and J.W. would be left alone with herself, their mother, or Wiley, but that the boys were never alone with Kayne. Wiley testified that Kayne was never left alone with M.W.

told M.W. to "feel something." M.W. stated that he then felt Kayne's private part through Kayne's clothes. Kayne asked M.W., "Does this feel good?" When M.W. responded, "No," Kayne pushed him out of the bedroom. M.W. stated that he did not tell anyone about the incident and that he did not know if it was a good thing or bad thing to touch Kayne in that way, but that he did it because Kayne told him to.

On another day when Kayne was home alone with the boys, M.W. stated that Kayne again asked him to go into Kayne's bedroom. This time, however, Kayne touched M.W.'s private part through M.W.'s clothes. Kayne asked M.W., "Does it feel good?" When M.W. stated, "No," Kayne pushed him out of the bedroom.

M.W. testified that on another occasion, when only Kayne, J.W., and himself were at home, Kayne told him to go into Kayne's bedroom. M.W. said that the door was shut after he went inside the bedroom. Kayne told M.W., "Take your clothes off and [lie] on the ground." After getting undressed and lying on the ground, M.W. stated that Kayne took off his clothes. M.W. stated that Kayne's penis was "hard." Kayne then got on his knees behind M.W., grabbed M.W.'s wrists, and forced them to the ground. Kayne then told M.W., "This is how babies are made," and tried to put his penis in M.W.'s "behind." M.W. testified that Kayne could not get his penis inside M.W.'s "behind"

3

because M.W. "squished [his] butt up together so he couldn't." Kayne then told M.W., "You better let me or you're going to be in a lot more pain." Kayne then put his penis in M.W.'s "behind" for a couple of seconds, and M.W. "started hollering." Kayne then pushed M.W. out of the bedroom. M.W. testified that his "behind" hurt for two days after the incident.

M.W. told his mother about the abuse two weeks after the last incident. M.W. testified that after telling his mother, he, J.W., and his mother moved out of Kayne's house and into a hotel. Eventually M.W., J.W., and their mother went to live with M.W.'s grandmother.

Kayne was indicted for the offense of aggravated sexual assault of a child by "intentionally or knowingly caus[ing] the penetration of the anus of [M.W.]" Kayne pleaded not guilty to the charge, and the case went to trial. A jury found Kayne guilty of the offense; and after Kayne pleaded true to the enhancement paragraph, the trial court assessed his punishment at life in prison. This appeal followed.

### III. IMPROPER JURY ARGUMENT

In his first point, Kayne argues that the trial court erred by overruling his objections to three comments made by the State during closing arguments of the guilt-innocence phase of trial. Kayne asserts that the comments were improper comments on his failure to testify. Additionally, Kayne contends that

4

the trial court abused its discretion by denying a motion for mistrial that was based on a comment by the prosecutor about his failure to testify.

The code of criminal procedure provides that a defendant's failure to testify on his own behalf may not be held against him and that counsel may not allude to the defendant's failure to testify. Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005). To determine if a prosecutor's comment violated article 38.08 and constituted an impermissible reference to an accused's failure to testify, we must decide whether the language used was manifestly intended or was of such a character that the jury naturally and necessarily would have considered it to be a comment on the defendant's failure to testify. *Id.*; *see Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); *Fuentes v. State*, 991 S.W.2d 267, 275 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026 (1999). The offending language must be viewed from the jury's standpoint, and the implication that the comment referred to the accused's failure to testify must be clear. *Bustamante*, 48 S.W.3d at 765; *Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992). A mere indirect or implied allusion to the defendant's failure to testify does not violate the accused's right to remain silent. *Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004); *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996).

Kayne first complains of the following prosecutorial statement:

[State]:  First thing I -- would like to address and -- and do in -- in no particular order, but one, there are some things that were said that -- that, in this case, you know, the statement from the defendant that "If I did do this, I don't remember" is a very telling statement, you know.  If -- if -- if you ask anybody else, "Have you ever sodomized your grandson?" what is the answer to that question?  The answer is "No," if it's not true.  [W]hat often trips up a defendant, and don't you know in the course of -- of an investigation, an interrogation, what these people try to do is play on the, actually, ironically, the conscience that these defendants have, and it's clear that there is a shred of decency, a shred of conscience in this defendant, and that's why even he, when he's pressed, can't call this little boy a liar, that's why, when he --

[Defense counsel]: Objection, Your Honor.  He's trying to comment on the absence of the testimony from the defendant, and --

The Court:  Overruled.

[Defense counsel]:  -- that's improper, and I ask for a mistrial.

The Court:  Overruled.

[State]:  That's why, when pressed from Michelle Cianci, that's why he, when he's pressed, he doesn't call that boy a liar, he says, "Well, if it happened, I don't remember," because, you see, there's a relationship between these . . . two people.

To be permissible, the State's jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.  *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex.

6

Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

After reviewing the record, it is apparent that the prosecutor was summarizing Michelle Cianci's testimony. At trial, Cianci, a peace officer with the Texas Department of Public Safety, testified that she interviewed Kayne regarding the sexual abuse allegations. Cianci stated that two important questions she asked Kayne during the interview were, "Did you put your penis in [M.W.]'s butt?" and "Did you put your penis in [M.W.]'s butt at your home?" Cianci testified that initially Kayne answered the questions "No," but that he later changed his answer to, "Well, if I did, I don't remember." Cianci said that Kayne continuously repeated this answer throughout the remainder of the interview. Cianci stated that Kayne's response was odd because a person who is accused of sexually assaulting a child would be adamant and say "no" if he did not abuse the child. We hold that because it is readily apparent from the record that the prosecutor was summarizing Cianci's testimony and not commenting on Kayne's failure to testify, the trial court did not abuse its discretion by overruling Kayne's objection.

Kayne next complains that the trial court erred by denying his objections to the two following statements made by the prosecutor during closing arguments:

[State]:  I think sometimes jurors are disgusted with the process itself, I mean they're disgusted with the fact they have to hear from -- this from this -- this 13-year-old kid, that they're disgusted about hearing step-by-step how a person goes about seducing and then violating and sodomizing a little boy.  And sometimes when the child is subject to cross examination by the defense counsel, sometimes that angers a jury, but you got to know that cross examination in many ways is a bedrock of our criminal justice system.  Mr. Winegardner is a trained attorney, and this child is 13, 14 years old.  Mr. Winegardner questioned him, has had access to the State's files, everything, asked this boy anything he wanted, and did so, and at the end of the cross examination, were you any less sure that this happened?

[Defense counsel]:  Objection, Your Honor.  He's attempting to shift the burden of proof to the defendant.

The Court:  Overruled.

[State]:  If that little boy is lying, this lawyer would ferret that out.  I mean don't you know, there was no doubt --

[Defense counsel]:  Your Honor, that's again an attempt to shift the burden of proof.  That's what he's doing, is attempting to shift the burden of proof.

The Court:  Overruled.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection,

8

or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

The complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial."). That is, the complaint must be "essentially the same." *Clarke v. State*, 270 S.W.3d 573, 580–83 (Tex. Crim. App. 2008) (discussing cases). To determine whether the complaint on appeal comports with that made at trial, we consider the context in which the complaint was made and the parties' shared understanding at that time. *Pena*, 285 S.W.3d at 464.

At trial, Kayne objected to the prosecutor's statements on the basis that the statements improperly shifted the burden of proof to the defendant. On appeal, however, Kayne objects to the same statements on the basis that the State was improperly commenting on his failure to testify. Because the complaint on appeal is not the same as the complaint at trial, we hold that Kayne has not properly preserved error for our review on appeal.

The final prosecutorial argument addressed by Kayne is:

[State]: Let's talk about these witnesses that the -- the defense brought up here, and, you know, they're telling you something that's -- that should give you pause. They're telling you that everybody in this family had access to this little boy, everybody in this family spent time alone with this little boy, everybody except for the defendant. And I submit to you, why is that? What do they know about this defendant that we don't?

[Defense counsel]: Objection, Your Honor. That's an improper argument. It's clearly improper and the motion in limine --

The Court: Sustained.

[Defense counsel]: And I would like an instruction.

The Court: Jury is instructed to disregard that comment.

[Defense counsel]: And I move for mistrial.

The Court: Overruled.

As stated above, a complaint made on appeal must comport with the complaint made in the trial court. *Pena*, 285 S.W.3d at 464. An objection preserves only the specific ground cited. Tex. R. App. P. 33.1(a)(1)(A); *Mosley*, 983 S.W.2d at 265; *Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 827 (1997); *see also Fierro v. State*, 706 S.W.2d 310, 317–18 (Tex. Crim. App. 1986) (holding that general objection is insufficient to apprise trial court of complaint urged and thus preserves nothing for review).

10

Here, Kayne's objection at trial was that the prosecutor's statement was an "improper argument," and Kayne referenced the motion in limine.[4]   On appeal, however, Kayne states that because the State improperly commented on his failure to testify, the trial court erred by denying his motion for mistrial. Because Kayne's objection at trial does not comport with his objection on appeal, we hold that Kayne has not properly preserved error for our review.

Assuming, however, that the trial court was aware that Kayne's complaint at trial was made on the basis that the prosecutor commented on Kayne's failure to testify, we hold that the trial court did not abuse its discretion by denying Kayne's motion for mistrial.

When a trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the trial court abused its discretion by denying the mistrial.  *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, i.e., "so prejudicial that expenditure of further time and expense would be wasteful and futile," will a mistrial be required.  *Id.*; *see also Simpson v. State,* 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), *cert. denied,* 542 U.S. 905 (2004).  In

---

[4] The motion in limine granted by the trial court required the State not to discuss Kayne's prior convictions or extraneous offenses.

11

determining whether a trial court abused its discretion in denying a mistrial, we balance three factors: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of conviction absent the misconduct. *Hawkins,* 135 S.W.3d at 77; *Mosley*, 983 S.W.2d at 259.

Normally, an instruction to disregard the comment on a defendant's election not to testify can cure the prejudicial effect caused by the improper comment. *Moore v. State*, 999 S.W.2d 385, 405 (Tex. Crim. App. 1999), *cert. denied*, 530 U.S. 1216 (2000). A jury is presumed to follow the instructions of the trial court to disregard the improper statement. *Wesbrook v. State*, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001).

The first factor we consider in determining whether the trial court abused its discretion is the severity of the misconduct. *Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007). The prosecutor's comment was not a direct statement regarding Kayne's failure to testify. The prosecutor did not make any further comments or suggestions on Kayne's failure to testify. Accordingly, when reviewing the record as a whole, the magnitude of the prejudicial effect is not great.

12

The second factor is the curative measures taken by the trial court. Here, the trial court, upon objection by Kayne, instructed the jury to disregard the improper statement. Additionally, the jury charge instructed the jury that

> the defendant's failure to testify may not be considered as a circumstance against him. You will not consider the failure of the defendant to testify as a circumstance against him. You will not, in your retirement to consider your verdict, allude to, comment on, or in any manner refer to the fact that the defendant has not testified.

We determine that the curative measures were sufficient.

The final factor is the certainty of the punishment assessed. Here, after the jury found Kayne guilty of the offense and Kayne pleaded true to the enhancement paragraph, the trial court sentenced Kayne to the mandatory sentence of life imprisonment. *See* Tex. Penal Code Ann. § 12.42(c)(2)(A)(i) (Vernon Supp. 2009) (noting that a defendant shall be sentenced to life imprisonment if he is convicted of aggravated sexual assault of a child and has previously been convicted of a felony).

Balancing the factors above, we hold that the trial court did not abuse its discretion by denying Kayne's motion for mistrial. Having determined that the trial court did not abuse its discretion by denying Kayne's objections and motion for mistrial, we overrule Kayne's first point.

13

## IV.  Motion for Continuance

In Kayne's second point, he contends that the trial court erred by denying his motion for continuance.  Kayne argues that the trial court should have granted his motion when, immediately prior to opening statements, the State informed him that it intended to provide extraneous offense evidence if he implied that M.W.'s mother coerced M.W. or in some other way told M.W. to make untruthful charges against Kayne.

As stated above, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Mosley*, 983 S.W.2d at 265.  Additionally, to preserve for review a claim that the trial court erred by denying a motion for continuance, the defendant must have timely filed a *sworn* motion that sufficiently advises the trial court of the defendant's request and the grounds therefor.  *Harrison v. State,* 187 S.W.3d 429, 433–34 (Tex. Crim. App. 2005); *see also* Tex. Code Crim. Proc. Ann. art. 29.08 (Vernon 2006).

Here, Kayne acknowledges in his brief that he only made an oral request for a continuance.  However, as stated above, to preserve his complaint for our review, Kayne needed to have filed a *sworn* motion with the trial court.  *See*

14

*Harrison*, 187 S.W.3d at 433–34. Because Kayne did not file a timely *sworn* motion for continuance, we hold that Kayne did not properly preserve error for our review. We overrule his second point.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

In his third point, Kayne argues that his trial counsel provided ineffective assistance of counsel because he failed to request a motion in limine instruction to exclude any mention of Kayne's Mormon religion. We hold that the record is insufficient to sustain Kayne's point regarding any alleged ineffective assistance of counsel.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance

15

was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other

16

words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged.  *Id.* at 697, 104 S. Ct. at 2070.

As a general rule, we do not speculate about trial counsel's strategy. *Blevins v. State*, 18 S.W.3d 266, 271 (Tex. App.—Austin 2000, no pet.).  We will not second-guess through hindsight the strategy of counsel at trial.  *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979).  In the absence of direct evidence in the record of counsel's reasons for the challenged conduct, an appellate court will assume a strategic motivation if any can be imagined. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), *cert. denied*, 537 U.S. 1195 (2003); *Skeen v. State*, 96 S.W.3d 567, 580 (Tex. App.—Texarkana 2002, pet. ref'd); *but cf. Moore v. Johnson*, 194 F.3d 586, 604 (5th Cir. 1999) (reviewing courts are "not required to condone unreasonable decisions parading under the umbrella of strategy, or to fabricate tactical decisions on behalf of counsel when it appears on the face of the record that counsel made no strategic decision at all"). The challenged conduct will not, under the circumstances, constitute deficient performance unless the

17

conduct was so outrageous that no competent attorney would have engaged in it. *Garcia*, 57 S.W.3d at 440; *Thompson*, 9 S.W.3d at 814.

Claims of ineffective assistance of trial counsel, however, can be properly raised on appeal if the appellate record is sufficiently developed. *Robinson v. State*, 16 S.W.3d 808, 813, n.7 (Tex. Crim. App. 2000). But in most cases, the trial record alone will be insufficient. *See Thompson*, 9 S.W.3d at 813–14. The record can be developed by a hearing on a motion for new trial based on a claim of ineffective assistance of counsel. *See Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). Kayne urges that the instant record is sufficient to support his claim.

It should be noted that trial counsel's failure to file pretrial motions, such as a motion in limine, generally does not result in ineffective assistance of counsel. *Hayes v. State*, 484 S.W.2d 922, 925 (Tex. Crim. App. 1972); *Autry v. State*, 27 S.W.3d 177, 182 (Tex. App.—San Antonio 2000, pet. ref'd). Where the record fails to reflect counsel's reasoning, we will presume he exercised reasonable professional judgment. *Poole v. State*, 974 S.W.2d 892, 903 (Tex. App.—Austin 1998, pet. ref'd).

In this case, Kayne fails to rebut the presumption that the actions of counsel were the result of a strategic or reasonable decision, because the record is silent as to why trial counsel made the decision that he made.

*Romero v. State*, 34 S.W.3d 323, 327 (Tex. App.—San Antonio 2000, pet. ref'd); *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Because there was no motion for new trial addressing these alleged failures, there is only speculation that different conduct by trial counsel would have been beneficial to Kayne. *Miranda v. State*, 993 S.W.2d 323, 327-28 (Tex. App.—Austin 1999, no pet.). We deem the record inadequate to make a fair evaluation of Kayne's claim. We do note that Kayne is not foreclosed from presenting his claim via a collateral attack by virtue of an application for post-conviction writ of habeas corpus. *Robinson*, 16 S.W.3d at 812–13; *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997). We overrule Kayne's third point.

## VI. CUMULATIVE ERROR

In his final point, Kayne asserts that "[t]he cumulative impact of the many errors in this case is so great that reversal is required." Although the court of criminal appeals has recognized the proposition that a number of errors may be found harmful in their cumulative effect, it has also held that non-errors cannot become error cumulatively. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999), *cert. denied*, 528 U.S. 1082 (2000). Because we have previously determined that Kayne has failed to show error in points one

through three, we hold that he cannot show an adverse cumulative effect from the actions of the trial court and his trial counsel. Accordingly, we overrule Kayne's fourth point.

## VII. CONCLUSION

Having overruled each of Kayne's points, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 22, 2010

20