COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-017-CR

 

 

JOSEPH DAVID KAYNE                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant
Joseph David Kayne appeals his conviction for aggravated sexual assault of a
child.[2]  In four points, Kayne argues that the trial
court erred by overruling his objection and denying his motion for mistrial
because the State commented on his failure to testify; that the trial court
erred by denying his motion for continuance after the prosecutor informed Kayne
immediately prior to opening statements that he was going to use extraneous
offense evidence; that he received ineffective assistance of counsel; and that
the cumulative impact of the above errors were so great that his rights under
both the federal and state constitutions were violated.  We will affirm.

II. 
Factual and Procedural
Background

In the
fall of 2005, M.W., an eleven-year-old boy; his mother; and his younger
brother, J.W., were living with Kayne and his wife, Pamela Jean Kayne, in Hood
County.  Kayne is M.W.=s
maternal grandfather, and Pamela is M.W.=s
step-grandmother.

M.W.
testified that after school, he and J.W. would ride the bus home to Kayne=s house and
that usually Pamela or Georgie Lee Golitz Wiley, Kayne=s
mother, would meet them at the bus stop. 
However, M.W. stated that on several occasions when Pamela and Wiley
were not home, Kayne would be home alone with M.W. and J.W.[3]








M.W.
recalled instances when Kayne would call him into Kayne=s
bedroom when no one else was home except J.W. 
On one occasion, Kayne told M.W. to Afeel
something.@ 
M.W. stated that he then felt Kayne=s
private part through Kayne=s
clothes.  Kayne asked M.W., ADoes
this feel good?@ 
When M.W. responded, ANo,@ Kayne
pushed him out of the bedroom.  M.W.
stated that he did not tell anyone about the incident and that he did not know
if it was a good thing or bad thing to touch Kayne in that way, but that he did
it because Kayne told him to.

On
another day when Kayne was home alone with the boys, M.W. stated that Kayne
again asked him to go into Kayne=s
bedroom.  This time, however, Kayne
touched M.W.=s private part through M.W.=s
clothes.  Kayne asked M.W., ADoes it
feel good?@ 
When M.W. stated, ANo,@ Kayne
pushed him out of the bedroom.








M.W.
testified that on another occasion, when only Kayne, J.W., and himself were at
home, Kayne told him to go into Kayne=s
bedroom.  M.W. said that the door was
shut after he went inside the bedroom. 
Kayne told M.W., ATake your clothes off and [lie]
on the ground.@ 
After getting undressed and lying on the ground, M.W. stated that Kayne
took off his clothes.  M.W. stated that
Kayne=s penis
was Ahard.@  Kayne then got on his knees behind M.W.,
grabbed M.W.=s wrists, and forced them to the
ground.  Kayne then told M.W., AThis is
how babies are made,@ and tried to put his penis in
M.W.=s Abehind.@  M.W. testified that Kayne could not get his
penis inside M.W.=s Abehind@ because
M.W. Asquished
[his] butt up together so he couldn=t.@  Kayne then told M.W., AYou
better let me or you=re going to be in a lot more
pain.@  Kayne then put his penis in M.W.=s Abehind@ for a
couple of seconds, and M.W. Astarted
hollering.@ 
Kayne then pushed M.W. out of the bedroom.  M.W. testified that his Abehind@ hurt
for two days after the incident.

M.W.
told his mother about the abuse two weeks after the last incident.  M.W. testified that after telling his mother,
he, J.W., and his mother moved out of Kayne=s house
and into a hotel.  Eventually M.W., J.W.,
and their mother went to live with M.W.=s
grandmother.

Kayne
was indicted for the offense of aggravated sexual assault of a child by Aintentionally
or knowingly caus[ing] the penetration of the anus of [M.W.]@  Kayne pleaded not guilty to the charge, and
the case went to trial.  A jury found
Kayne guilty of the offense; and after Kayne pleaded true to the enhancement
paragraph, the trial court assessed his punishment at life in prison.  This appeal followed.

III.  Improper Jury Argument








In his
first point, Kayne argues that the trial court erred by overruling his objections
to three comments made by the State during closing arguments of the
guilt-innocence phase of trial.  Kayne
asserts that the comments were improper comments on his failure to testify.  Additionally, Kayne contends that the trial
court abused its discretion by denying a motion for mistrial that was based on
a comment by the prosecutor about his failure to testify.

The code
of criminal procedure provides that a defendant=s
failure to testify on his own behalf may not be held against him and that
counsel may not allude to the defendant=s
failure to testify.  Tex. Code Crim.
Proc. Ann. art. 38.08 (Vernon 2005).  To
determine if a prosecutor=s comment violated article 38.08
and constituted an impermissible reference to an accused=s
failure to testify, we must decide whether the language used was manifestly
intended or was of such a character that the jury naturally and necessarily
would have considered it to be a comment on the defendant=s failure
to testify.  Id.; see
Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); Fuentes
v. State, 991 S.W.2d 267, 275 (Tex. Crim. App.), cert. denied, 528
U.S. 1026 (1999).  The offending language
must be viewed from the jury=s
standpoint, and the implication that the comment referred to the accused=s
failure to testify must be clear.  Bustamante,
48 S.W.3d at 765; Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App.
1992).  A mere indirect or implied
allusion to the defendant=s failure to testify does not
violate the accused=s right to remain silent.  Wead v. State, 129 S.W.3d 126, 130
(Tex. Crim. App. 2004); Patrick v. State, 906 S.W.2d 481, 490B91 (Tex.
Crim. App. 1995), cert. denied, 517 U.S. 1106 (1996).








Kayne
first complains of the following prosecutorial statement:

[State]:  First thing I -- would
like to address and -- and do in -- in no particular order, but one, there are
some things that were said that -- that, in this case, you know, the statement
from the defendant that AIf I did do this, I don=t remember@ is a very telling
statement, you know.  If -- if -- if you
ask anybody else, AHave you ever sodomized
your grandson?@ what is the answer to
that question?  The answer is ANo,@ if it=s not true.  [W]hat often trips up a defendant, and don=t you know in the course
of -- of an investigation, an interrogation, what these people try to do is
play on the, actually, ironically, the conscience that these defendants have,
and it=s clear that there is a
shred of decency, a shred of conscience in this defendant, and that=s why even he, when he=s pressed, can=t call this little boy a
liar, that=s why, when he --

 

[Defense counsel]:  Objection,
Your Honor.  He=s trying to comment on
the absence of the testimony from the defendant, and --

 

The Court:  Overruled.

 

[Defense counsel]:  -- that=s improper, and I ask for
a mistrial.

 

The Court:  Overruled.

 

[State]:  That=s why, when pressed from
Michelle Cianci, that=s why he, when he=s pressed, he doesn=t call that boy a liar,
he says, AWell, if it happened, I
don=t remember,@ because, you see, there=s a relationship between
these . . . two people.

 








To be
permissible, the State=s jury argument must fall within
one of the following four general areas:  (1) summation of the
evidence; (2) reasonable deduction from the evidence; (3) answer to
argument of opposing counsel; or (4) plea for law enforcement.  Felder v. State, 848 S.W.2d 85, 94B95 (Tex.
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v.
State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

After
reviewing the record, it is apparent that the prosecutor was summarizing
Michelle Cianci=s testimony.  At trial, Cianci, a peace officer with the
Texas Department of Public Safety, testified that she interviewed Kayne
regarding the sexual abuse allegations. 
Cianci stated that two important questions she asked Kayne during the
interview were, ADid you put your penis in [M.W.]=s butt?@ and ADid you
put your penis in [M.W.]=s butt at your home?@  Cianci testified that initially Kayne
answered the questions ANo,@ but
that he later changed his answer to, AWell, if
I did, I don=t remember.@  Cianci said that Kayne continuously repeated
this answer throughout the remainder of the interview.  Cianci stated that Kayne=s
response was odd because a person who is accused of sexually assaulting a child
would be adamant and say Ano@ if he
did not abuse the child.  We hold that
because it is readily apparent from the record that the prosecutor was
summarizing Cianci=s testimony and not commenting
on Kayne=s
failure to testify, the trial court did not abuse its discretion by overruling
Kayne=s
objection.

Kayne
next complains that the trial court erred by denying his objections to the two
following statements made by the prosecutor during closing arguments:








[State]:  I think sometimes
jurors are disgusted with the process itself, I mean they=re disgusted with the
fact they have to hear from -- this from this -- this 13-year-old kid, that
they=re disgusted about
hearing step-by-step how a person goes about seducing and then violating and
sodomizing a little boy.  And sometimes
when the child is subject to cross examination by the defense counsel,
sometimes that angers a jury, but you got to know that cross examination in
many ways is a bedrock of our criminal justice system.  Mr. Winegardner is a trained attorney, and
this child is 13, 14 years old.  Mr.
Winegardner questioned him, has had access to the State=s files, everything,
asked this boy anything he wanted, and did so, and at the end of the cross
examination, were you any less sure that this happened?

 

[Defense counsel]:  Objection,
Your Honor.  He=s attempting to shift the
burden of proof to the defendant.

 

The Court:  Overruled.

 

[State]:  If that little boy is
lying, this lawyer would ferret that out. 
I mean don=t you know, there was no
doubt --

 

[Defense counsel]:  Your Honor,
that=s again an attempt to
shift the burden of proof.  That=s what he=s doing, is attempting to
shift the burden of proof.

 

The Court:  Overruled.








To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R.
App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim.
App. 1998) (op. on reh=g), cert. denied, 526
U.S. 1070 (1999).  Further, the trial
court must have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State,
138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

The
complaint made on appeal must comport with the complaint made in the trial
court or the error is forfeited.  Pena
v. State, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (AWhether
a party=s
particular complaint is preserved depends on whether the complaint on appeal
comports with the complaint made at trial.@).  That is, the complaint must be Aessentially
the same.@ 
Clarke v. State, 270 S.W.3d 573, 580B83 (Tex.
Crim. App. 2008) (discussing cases).  To
determine whether the complaint on appeal comports with that made at trial, we
consider the context in which the complaint was made and the parties= shared
understanding at that time.  Pena,
285 S.W.3d at 464.

At
trial, Kayne objected to the prosecutor=s
statements on the basis that the statements improperly shifted the burden of
proof to the defendant.  On appeal,
however, Kayne objects to the same statements on the basis that the State was
improperly commenting on his failure to testify.  Because the complaint on appeal is not the
same as the complaint at trial, we hold that Kayne has not properly preserved
error for our review on appeal.

 

 








The
final prosecutorial argument addressed by Kayne is:

[State]:  Let=s talk about these
witnesses that the -- the defense brought up here, and, you know, they=re telling you something
that=s -- that should give you
pause.  They=re telling you that
everybody in this family had access to this little boy, everybody in this
family spent time alone with this little boy, everybody except for the
defendant.  And I submit to you, why is
that?  What do they know about this
defendant that we don=t?

 

[Defense counsel]:  Objection,
Your Honor.  That=s an improper
argument.  It=s clearly improper and
the motion in limine --

 

The Court:  Sustained.

 

[Defense counsel]:  And I would
like an instruction.

 

The Court:  Jury is instructed
to disregard that comment.

 

[Defense counsel]:  And I move
for mistrial.

 

The Court:  Overruled.

 

As
stated above, a complaint made on appeal must comport with the complaint made
in the trial court.  Pena, 285
S.W.3d at 464.  An objection preserves
only the specific ground cited.  Tex. R.
App. P. 33.1(a)(1)(A); Mosley, 983 S.W.2d at 265; Bell v. State,
938 S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827
(1997); see also Fierro v. State, 706 S.W.2d 310, 317B18 (Tex.
Crim. App. 1986) (holding that general objection is insufficient to apprise
trial court of complaint urged and thus preserves nothing for review).








Here,
Kayne=s
objection at trial was that the prosecutor=s
statement was an Aimproper argument,@ and
Kayne referenced the motion in limine.[4]  On appeal, however, Kayne states that because
the State improperly commented on his failure to testify, the trial court erred
by denying his motion for mistrial. 
Because Kayne=s objection at trial does not
comport with his objection on appeal, we hold that Kayne has not properly
preserved error for our review.

Assuming,
however, that the trial court was aware that Kayne=s
complaint at trial was made on the basis that the prosecutor commented on Kayne=s
failure to testify, we hold that the trial court did not abuse its discretion
by denying Kayne=s motion for mistrial.








When a
trial court sustains an objection and instructs the jury to disregard but
denies a defendant=s motion for a mistrial, the
issue is whether the trial court abused its discretion by denying the
mistrial.  Hawkins v. State, 135
S.W.3d 72, 76B77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the
prejudice caused by the improper argument is incurable, i.e., Aso
prejudicial that expenditure of further time and expense would be wasteful and
futile,@ will a
mistrial be required.  Id.; see
also Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert.
denied, 542 U.S. 905 (2004).  In
determining whether a trial court abused its discretion in denying a mistrial,
we balance three factors:  (1) the severity of the misconduct
(prejudicial effect), (2) curative measures, and (3) the certainty of
conviction absent the misconduct.  Hawkins,
135 S.W.3d at 77; Mosley, 983 S.W.2d at 259.

Normally,
an instruction to disregard the comment on a defendant=s
election not to testify can cure the prejudicial effect caused by the improper
comment.  Moore v. State, 999
S.W.2d 385, 405 (Tex. Crim. App. 1999), cert. denied, 530 U.S. 1216
(2000).  A jury is presumed to follow the
instructions of the trial court to disregard the improper statement.  Wesbrook v. State, 29 S.W.3d 103, 116
(Tex. Crim. App. 2000), cert. denied, 532 U.S. 944 (2001).

The
first factor we consider in determining whether the trial court abused its
discretion is the severity of the misconduct. 
Archie v. State, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007).  The prosecutor=s
comment was not a direct statement regarding Kayne=s
failure to testify.  The prosecutor did
not make any further comments or suggestions on Kayne=s
failure to testify.  Accordingly, when
reviewing the record as a whole, the magnitude of the prejudicial effect is not
great.








The
second factor is the curative measures taken by the trial court.  Here, the trial court, upon objection by
Kayne, instructed the jury to disregard the improper statement.  Additionally, the jury charge instructed the
jury that

the defendant=s failure to testify may
not be considered as a circumstance against him.  You will not consider the failure of the
defendant to testify as a circumstance against him.  You will not, in your retirement to consider
your verdict, allude to, comment on, or in any manner refer to the fact that
the defendant has not testified.

 

We determine that the curative
measures were sufficient.

The
final factor is the certainty of the punishment assessed.  Here, after the jury found Kayne guilty of
the offense and Kayne pleaded true to the enhancement paragraph, the trial
court sentenced Kayne to the mandatory sentence of life imprisonment.  See Tex. Penal Code Ann. ' 12.42(c)(2)(A)(i)
(Vernon Supp. 2009) (noting that a defendant shall be sentenced to life imprisonment
if he is convicted of aggravated sexual assault of a child and has previously
been convicted of a felony).

Balancing
the factors above, we hold that the trial court did not abuse its discretion by
denying Kayne=s motion for mistrial.  Having determined that the trial court did
not abuse its discretion by denying Kayne=s
objections and motion for mistrial, we overrule Kayne=s first
point.

 








IV.  Motion
for Continuance

In Kayne=s second
point, he contends that the trial court erred by denying his motion for
continuance.  Kayne argues that the trial
court should have granted his motion when, immediately prior to opening
statements, the State informed him that it intended to provide extraneous offense
evidence if he implied that M.W.=s mother
coerced M.W. or in some other way told M.W. to make untruthful charges against
Kayne.

As
stated above, to preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P. 33.1(a)(1); Mosley, 983 S.W.2d at 265.  Additionally, to preserve for review a claim
that the trial court erred by denying a motion for continuance, the defendant
must have timely filed a sworn motion that sufficiently advises the
trial court of the defendant=s request
and the grounds therefor.  Harrison v.
State, 187 S.W.3d 429, 433B34 (Tex.
Crim. App. 2005); see also Tex. Code Crim. Proc. Ann. art. 29.08 (Vernon
2006).








Here,
Kayne acknowledges in his brief that he only made an oral request for a
continuance.  However, as stated above,
to preserve his complaint for our review, Kayne needed to have filed a sworn
motion with the trial court.  See
Harrison, 187 S.W.3d at 433B34.  Because Kayne did not file a timely sworn
motion for continuance, we hold that Kayne did not properly preserve error for
our review.  We overrule his second
point.

V.  Ineffective Assistance of Counsel

In his
third point, Kayne argues that his trial counsel provided ineffective
assistance of counsel because he failed to request a motion in limine
instruction to exclude any mention of Kayne=s Mormon
religion.  We hold that the record is
insufficient to sustain Kayne=s point
regarding any alleged ineffective assistance of counsel.

To
establish ineffective assistance of counsel, appellant must show by a
preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163
S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59,
62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).








In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104
S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Thompson, 9
S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).








The
second prong of Strickland requires a showing that counsel=s errors
were so serious that they deprived the defendant of a fair trial, i.e., a trial
with a reliable result.  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064.  In
other words, appellant must show there is a reasonable probability that, but
for counsel=s unprofessional errors, the
result of the proceeding would have been different.  Id. at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding in which the result is being challenged.  Id. at 697, 104 S. Ct. at 2070.








As a
general rule, we do not speculate about trial counsel=s
strategy.  Blevins v. State, 18
S.W.3d 266, 271 (Tex. App.CAustin
2000, no pet.).  We will not second-guess
through hindsight the strategy of counsel at trial.  Blott v. State, 588 S.W.2d 588, 592
(Tex. Crim. App. 1979).  In the absence
of direct evidence in the record of counsel=s
reasons for the challenged conduct, an appellate court will assume a strategic
motivation if any can be imagined.  Garcia
v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), cert. denied,
537 U.S. 1195 (2003); Skeen v. State, 96 S.W.3d 567, 580 (Tex. App.CTexarkana
2002, pet. ref=d); but cf. Moore v. Johnson,
194 F.3d 586, 604 (5th Cir. 1999) (reviewing courts are Anot
required to condone unreasonable decisions parading under the umbrella of
strategy, or to fabricate tactical decisions on behalf of counsel when it
appears on the face of the record that counsel made no strategic decision at
all@). The
challenged conduct will not, under the circumstances, constitute deficient
performance unless the conduct was so outrageous that no competent attorney
would have engaged in it. Garcia, 57 S.W.3d at 440; Thompson, 9
S.W.3d at 814.

Claims
of ineffective assistance of trial counsel, however, can be properly raised on
appeal if the appellate record is sufficiently developed.  Robinson v. State, 16 S.W.3d 808, 813,
n.7 (Tex. Crim. App. 2000).  But in most
cases, the trial record alone will be insufficient.  See Thompson, 9 S.W.3d at 813B14.  The record can be developed by a hearing on a
motion for new trial based on a claim of ineffective assistance of
counsel.  See Reyes v. State, 849
S.W.2d 812, 815 (Tex. Crim. App. 1993). 
Kayne urges that the instant record is sufficient to support his claim.

It
should be noted that trial counsel=s
failure to file pretrial motions, such as a motion in limine, generally does
not result in ineffective assistance of counsel.  Hayes v. State, 484 S.W.2d 922, 925
(Tex. Crim. App. 1972); Autry v. State, 27 S.W.3d 177, 182 (Tex. App.CSan
Antonio 2000, pet. ref=d). Where the record fails to
reflect counsel=s reasoning, we will presume he
exercised reasonable professional judgment. 
Poole v. State, 974 S.W.2d 892, 903 (Tex. App.CAustin
1998, pet. ref=d).








In this
case, Kayne fails to rebut the presumption that the actions of counsel were the
result of a strategic or reasonable decision, because the record is silent as
to why trial counsel made the decision that he made.  Romero v. State, 34 S.W.3d 323, 327 (Tex.
App.CSan
Antonio 2000, pet. ref=d); Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.CHouston [1st Dist.] 1996, no
pet.).  Because there was no motion for
new trial addressing these alleged failures, there is only speculation that
different conduct by trial counsel would have been beneficial to Kayne.  Miranda v. State, 993 S.W.2d 323, 327‑28
(Tex. App.CAustin 1999, no pet.).  We deem the record inadequate to make a fair
evaluation of Kayne=s claim.  We do note that Kayne is not foreclosed from
presenting his claim via a collateral attack by virtue of an application for
post‑conviction writ of habeas corpus. 
Robinson, 16 S.W.3d at 812B13; Jackson
v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); Ex parte
Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).  We overrule Kayne=s third
point.

VI.  Cumulative Error








In his
final point, Kayne asserts that A[t]he
cumulative impact of the many errors in this case is so great that reversal is
required.@ 
Although the court of criminal appeals has recognized the proposition
that a number of errors may be found harmful in their cumulative effect, it has
also held that non-errors cannot become error cumulatively.  See Chamberlain v. State, 998 S.W.2d
230, 238 (Tex. Crim. App. 1999), cert. denied, 528 U.S. 1082
(2000).  Because we have previously
determined that Kayne has failed to show error in points one through three, we
hold that he cannot show an adverse cumulative effect from the actions of the
trial court and his trial counsel. 
Accordingly, we overrule Kayne=s fourth
point.

VII.  Conclusion

Having
overruled each of Kayne=s points, we affirm the trial
court=s
judgment.

 

 

BILL MEIER

JUSTICE

 

PANEL:  DAUPHINOT, MCCOY, and
MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 22, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 22.021(a)(1)(B)(i)
(Vernon Supp. 2009).





[3]At trial, Pamela
testified that Kayne was never home alone with M.W. and J.W.  She stated that M.W. and J.W. would be left
alone with herself, their mother, or Wiley, but that the boys were never alone
with Kayne.  Wiley testified that Kayne
was never left alone with M.W.





[4]The motion in limine
granted by the trial court required the State not to discuss Kayne=s prior convictions or
extraneous offenses.